**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **MARK WARSCO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. 1:14-CV-29** |
| | ) | |
| **CITIZENS TELECOM SERVICES** | ) | |
| **COMPANY, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Before the Court is Defendant's motion seeking approval of a proposed agreed protective order under Federal Rule of Civil Procedure 26(c). (Docket # 23.) As the proposed order is inadequate in several ways, the motion will be DENIED.

Rule 26(c)(1) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). But a protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998) (same). Here, the proposed order fails to set forth such properly demarcated categories.

The definition of "Confidential Materials" in the proposed order is as follows:

Documents and information protected by this Order shall include: Defendant's confidential and proprietary business information, including agreements, internal

notes, internal communications, electronic communications, correspondence, financial information, and other documents contained in files for, or otherwise related to, substantive matters on which Danel Nickels-Didier worked while Defendant employed her.

(Proposed Agreed Protective Order ¶ 1.)

Rather than formulating narrow, demarcated categories of legitimately confidential information, the proposed order advances a vague, circular definition of "Confidential Materials" that relies upon oblique terms such as "confidential," "proprietary," and "business." And the inclusion of the phrases "shall include," "other documents contained in files," and "otherwise related to" are "fudge" terms that seek to protect more material than may be necessary. *See Cincinnati Insurance*, 178 F.3d at 944 (emphasizing that the word "believed" incorporated into the phrase "believed to contain trade secrets" is a "fudge"); *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at \*1 (S.D. Ind. Mar. 28, 2003) (articulating that a party's attempt to qualify a "fudge" word by the phrase "in good faith" fails to sufficiently cure the deficiency).

Similarly, the use of the qualifier "internal" is too vague. If it means only that the information is not available to the general public, then it is insufficient because the information must be kept secret from and not be readily ascertainable by potential competitors." *Cook*, 206 F.R.D. at 248.

"[I]f the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available." *Id.* at 249. "They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material." *Id.* For material to be protected, it "must give the holder an economic *advantage* and threaten a *competitive* injury–business information whose release

harms the holder only because the information is embarrassing or reveals weaknesses does not

qualify for trade secret protection." *Id.* at 248 (emphasis in original). Accordingly, "merely

asserting that a disclosure of the information 'could' harm a litigant's competitive position is

insufficient; the motion must explain how." *Shepard*, 2003 WL 1702256, at *1 (citing *Baxter*

*Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)).

Furthermore, the proposed order's method of filing entire documents under seal and then

later filing a redacted version on the record is unacceptable. (Proposed Agreed Protective Order

¶ 16.) The proposed order should require the *contemporaneous* public filing of a redacted

version of the document (in which only the actual confidential material is redacted) when an

unredacted version is filed under seal. *Cincinnati Insurance*, 178 F.3d at 945 (stating that an

order sealing documents containing confidential information is overly broad because a document

containing confidential information may also contain material that is not confidential, in which

case a party's interest in maintaining the confidential information would be adequately protected

by redacting only portions of the document).

Also, the Seventh Circuit Court of Appeals has made it clear that a protective order may

only issue if the order "makes explicit that either party and any interested member of the public

can challenge the secreting of particular documents." *Id.* Although the proposed order seems to

contemplate a challenge by a member of the public (Proposed Agreed Protective Order ¶ 5), the

language should explicitly state that an interested member of the public can challenge the

secreting of documents under the order.

It is important to remember that "the public at large pays for the courts and therefore has

an interest in what goes on at all stages of a judicial proceeding." *Cincinnati Insurance*, 178 F.3d

at 945-46.  Accordingly, a protective order "may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2.

Therefore, the Court DENIES Defendant's motion for approval of the proposed agreed protective order. (Docket # 23.)  The parties may, however, submit a revised protective order consistent with the requirements of Rule 26(c)(1) and Seventh Circuit case law.

SO ORDERED.

Enter for this 18th day of November 2014.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge